U.S. DISTRICT COURT ᴺᴰ ᴼᶠ N.Y.

FILED

NOV ᶠ 2010

AT____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 5:10-CR-523 (NAM) |
| v. | INFORMATION |
| SHALIN JHAVERI,<br>          Defendant. | 18 U.S.C. § 1832(a)(1) |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### COUNT ONE

#### Background

At all times relevant to this Criminal Information:

1.    Bristol-Myers Squibb Company ("Bristol-Myers" or "the Company") was a publicly-traded corporation whose business focused on the research, development, marketing and sale of pharmaceutical products.  Bristol-Myers maintains a facility in Syracuse ("the facility" or "the premises"), within the Northern District of New York.  Bristol-Myers marketed, sold and distributed its products in interstate and foreign commerce.

2.    As part of its normal business operations, the Company created, developed and used certain information that was valuable to the Company and was related to the research, creation, development, licensing, and marketing of its products.

3.   The Company maintained that information as confidential, and took reasonable measures to protect and keep its proprietary information, including trade secrets, secret. These protective measures included, but were not limited to: physical security of the exterior and interior of the premises in Syracuse; implementing data security policies and computer firewalls to prevent unauthorized access; limiting access to certain of its information to Company employees with work-related reasons to require access to that information; blocking certain transfers of information outside the Company's computer network; monitoring certain transfers of information undertaken by employees and classifying and labeling as confidential and proprietary certain documents and other Company information.

4.   The aforementioned confidential and proprietary information derived independent economic value, both actual and potential, from not being generally known to, and not being readily ascertainable through proper means by, the public.

5.   In addition to the above-listed security measures, the Company created and required employees working at the facility to sign confidentiality agreements as a condition of employment. These confidentiality agreements included an obligation to safeguard the Company's non-public information and a prohibition against unauthorized use, copying, and disclosure of the Company's confidential information without the Company's express

authorization.

6.    During the relevant time period, Defendant SHALIN
JHAVERI, who held a PhD. from Cornell University in chemistry and
chemical biology, was employed at Bristol-Myers' Syracuse
facility as a Technical Operations Associate and was
participating in the Company's management training program.  His
participation in that program required that he be, and he was in
fact, rotated through various segments and departments of
Bristol-Myers' Syracuse facility.  It also required that he be
given access to some of the most sensitive areas and information
within the Company.

7.    At the outset of his employment with Bristol-Myers, the
Defendant signed a confidentiality agreement in which he agreed
to follow and abide by Company terms, procedures, and policies to
maintain the confidentiality of the confidential and proprietary
information and to avoid the unauthorized disclosure of any trade
secret or proprietary information to any outsider.

## Theft of Trade Secrets

8.    During his employment at Bristol-Myers' Syracuse
facility, and while working as a Technical Operations Associate
and participating in the Company's management training program,
the Defendant devised a plan to appropriate without authorization
and convert to his own use trade secrets of Bristol-Myers.  Using

3

a variety of means, primarily downloading and transferring electronic data and files from in or about January 2010 through in or about early February 2010, the Defendant did misappropriate and gain control over Bristol-Myers trade secrets, all without authorization, using methods designed to conceal and disguise his activities and to evade detection of those activities by the Company.

9.   During and about the period January 22 to 26, 2010, the Defendant communicated with an individual he had met and believed to be interested in financing a pharmaceutical facility he (the Defendant) planned to start in India (hereinafter "the Investor"). Defendant SHALIN JHAVERI knew this individual was not employed by or affiliated with Bristol-Myers in any capacity.

10.  On January 23, 2010, as part of the above-referenced communications, the Defendant advised the Investor that he would create a new email account for the purpose of transferring to the Investor a number of confidential and proprietary documents he had transferred from the main Bristol-Myers computer system to his Company-issued laptop computer. The Defendant discussed these documents with the Investor, identifying them as samples of the Company proprietary information he had transferred to his control on his Company-issued laptop, and later offered them to the Investor to demonstrate that he had actually acquired confidential and proprietary information from Bristol-Myers as he

4

had claimed.

11.    On January 25, 2010, the Defendant further advised the Investor that he would provide him with samples of the confidential and proprietary information he had appropriated from Bristol-Myers.  To accomplish this, the Defendant created the new email account.  He then composed an email with three attachments, each one constituting a trade secret he had previously transferred to his own control from the Company's main computer system, and sent that email to himself at this new email account address.  The Defendant next gave the Investor the name and password of this new email account, and directed him to use them to go to it, open the email and view the attachments (three of the trade secret documents he previously had stolen from Bristol-Myers).  Using this method, the Defendant attempted to disguise his transfer to, and disclosure of, the stolen documents to the Investor.

12.    Based on comments later made by the Investor to the Defendant, it was the Defendant's understanding and belief that on or about January 25, 2010, using the email account name and password given to him by the Defendant for this purpose, the Investor had opened and viewed the email and the three documents sent with it as attachments.  Each of these three attachments was labeled "BMS Confidential and Proprietary" and was among the information/materials previously stolen by the Defendant from the

Company.

13.  Subsequent accessing of that email account by the
Investor, acting at the direction of the Defendant, identified
additional trade secret information that the Defendant had
appropriated from the Company without authorization.  The
Investor asked the Defendant if he had obtained all the "rest of
the stuff" previously described to him by the Defendant.  The
Defendant replied, "yes, I got it."  When the Investor also
inquired of the Defendant if what he had taken from the Company
was everything he needed, the Defendant responded that it was.

14.  Beginning in or about January of 2010 and continuing
until early February of 2010, in the Northern District of New
York and elsewhere, the Defendant, SHALIN JHAVERI, with the
intent to convert trade secrets related to products that are
produced for and placed in interstate and foreign commerce, to
the economic benefit of one or more persons other than the owner
of the trade secrets, and intending and knowing that the offense
would injure the owner of such trade secrets, knowingly did steal
and without authorization appropriate, take, carry away, and
conceal, and by fraud, artifice, and deception obtain such
information, in violation of Title 18, United States Code,
Section 1832(a)(1).

## Forfeiture Allegation

1.    As a result of the violation of Title 18, United States Code, 1832(a)(1),

SHALIN JHAVERI,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1834, any and all property constituting, and derived from, any proceeds the defendant obtained, directly and indirectly, as a result of the violation; and (2) any and all of property used, and intended to be used, in any manner or part, to commit and facilitate the commission of the violation, including the following:

      a.    one Dell Inspiron laptop computer, service tag #9LZ0SC1, not including any files returned to the Defendant from that device;

      b.    one Western Digital 250gb exterior drive, s/n WMANK5047827, not including any files returned to the Defendant from that device;

      c.    one Blackberry telephone;

      d.    one leather computer case;

      e.    two computer flash drives, generic devices;

      f.    one Nokia cellular telephone, IME #011750/00/198719/4;

      g.    stack of 26 DVDs and CDs, not including CDs and/or DVDs returned to the Defendant; and

      h.    miscellaneous papers and documents, not including certain papers and documents returned to the Defendant.

2.    If any of the property described above as being subject

7

to forfeiture pursuant to Title 18, United States Code, Section 1834, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred to, sold to, or deposited with a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value;

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property belonging to the Defendant under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1834(b).

All pursuant to Title 18, United States Code, Section 1834.


Dated: October 25, 2010


                              RICHARD S. HARTUNIAN
                              Unites States Attorney


                    by:  Stephen C. Green
                         Assistant U.S. Attorney
                         Bar Roll No. 507767


8